GEORGE J. DELMEGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

T. F. GREFE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HOMER A. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 30347, 34176, 34177. Promulgated April 3, 1931.

*Walter E. Barton, Esq.*, and *Raymond C. Cushwa, Esq.*, for the petitioners.

*H. B. Hunt, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: These proceedings, duly consolidated for hearing and decision, were brought for the redetermination of deficiencies assessed against each of the petitioners, respectively, in the sum of $3,704, as transferees of the assets of the Central National Fire Insurance Company of Des Moines, Iowa, for income taxes in that amount for the year 1923, which were unpaid by the Central National Fire Insurance Company.

In their several amended petitions petitioners make seventeen assignments of error. They have, however, waived all of such assignments of error except six—three in which the question of the constitutionality of section 280 of the Revenue Act of 1926 is raised, and three which are substantially as follows:

(1) Whether or not a certain amount received by the Central National Fire Insurance Company during 1923 as repayment of a mort-

gage loan was improperly included in the gross income of that company for 1923 by respondent.

(2) Whether the amount of $85.50 received by the Central National Fire Insurance Company during 1923 as payment for certain school warrants was improperly included in the gross income of that company for 1923 by respondent.

(3) Whether the sum of $46.71 interest received on account of certain school bonds and school warrants by the Central National Fire Insurance Company was improperly included in the gross income of that company for that year by respondent.

At the hearing of these proceedings it was stipulated between the parties that the petitioners were transferees of the assets of the Central National Fire Insurance Company of Des Moines, Iowa, and that they were respectively liable for the payment of any income tax for the year 1923 determined to be due from that corporation. It was also stipulated that "the Central National Fire Insurance Company sustained in 1923 a loss of $6,765.98 in connection with the sale of certain real estate, which said loss was not allowed by the Commissioner in the 60-day letter." It was further stipulated that if this Board should find, in a proceeding pending before it at the date of the hearing herein, in which proceeding the Central National Fire Insurance Company was petitioner, that if any net loss sustained in 1921 by that company was not exhausted in being credited against the net income for 1922, the balance of such net loss might be carried forward and " applied against the Company's net income for 1923."

During the year 1923 the Central National Fire Insurance Company received the sum of $37,867.02 as repayment of a loan made on the security of a mortgage on real estate. This amount was entered in the company's cash book.

The Central National Fire Insurance Company filed a corporation income tax return for the year 1923. During 1923 it was liquidating its affairs. In this return it reported the amount of total income received as $68,264.72. The return also stated expenditures in the sum of $139,296.81. Included in the amount of income disclosed by the return was the sum of $85.50, which was the amount received from the sale of school warrants. These warrants cost the insurance company the same sum, namely $85.50. The income reported also included $45 interest on school bonds and the sum of $1.71 interest on a school warrant.

The respondent assessed a tax for the year 1923 against the Central National Fire Insurance Company in the sum of $3,704, having determined the net income of the Central National Fire Insurance Company for the said year to be of $29,632.

Three of petitioners' assignments of error raise the question of the constitutionality of section 280 of the Revenue Act of 1926. Decision in this issue is governed by our decision in *Henry Cappellini et al.*, 14 B. T. A. 1269, followed in many subsequent cases. See also *Phillips* v. *Commissioner*, 42 Fed. (2d) 177; *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208.

We are of the opinion that the sale of school warrants for which the Central National Fire Insurance Company received during 1923 the sum of $85.50, which was the amount the warrants cost, was a sale of capital assets resulting in no taxable gain and that the amount received on such sale should not be included in gross income. We are also of the opinion that the sums of $45 and $1.71, interest respectively on school bonds and school warrants, were nontaxable income, for the reason that these amounts were interest on the obligations of a political subdivision of a State. They should, therefore, be deducted from gross income.

The proof shows that the sum of $37,867.02 was received during 1923 by the Central National Fire Insurance Company as repayment of a mortgage loan and that it represented a return of capital. However, our attention has not been directed to any evidence, nor have we found any proof, which shows that this amount was included in gross income either in the return for 1923 made by the Central National Fire Insurance Company, or in respondent's computation of that company's gross income for 1923. Therefore, we can not hold that, upon redetermination, it should be deducted from gross income.

In the proceeding referred to above in which the Central National Fire Insurance Company was petitioner and which was pending before this Board at the date of the hearing, we have decided that the Central National Fire Insurance Company sustained a net loss in 1921 amounting to $6,363.57, which should be deducted from that company's income for 1922. However, since the insurance company had a large net income for 1922, all of this 1921 loss was absorbed and no part remained to be carried over into 1923, under the stipulation with respect thereto made between the parties to these proceedings.

*Judgment will be entered under Rule 50.*